# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ASHLEY GESTWICKI, )
 )
 Plaintiff, )
 )
 v. ) C.A. No.  N16C-10-002 JRJ
 )
PINE WOODS, INC., )
 )
 Defendant/Third-Party Plaintiff, )
 )
 v. )
 )
STATE OF DELAWARE, )
DEPARTMENT OF )
TRANSPORTATION, )
 )
 Third-Party Defendant. )

Date Submitted: April 17, 2017
Date Decided: June 15, 2017

## ORDER

Upon consideration of Third-Party Defendant State of Delaware, Department of Transportation's Motion for Summary Judgment,[1] Defendant/Third-Party Plaintiff Pine Woods, Inc.'s Response,[2] and Plaintiff Ashley Gestwicki's Response,[3] **IT APPEARS THAT:**

---

[1] State of Delaware, Department of Transportation's Motion for Summary Judgment Pursuant to Superior Court Civil Rule 56 ("DelDOT's Mot. Summ. J") (Trans. ID. 60355610).

[2] Defendant/Third-Party Plaintiff Pine Woods, Inc.'s Response in Opposition to State of Delaware's Motion for Summary Judgment ("Pine Woods' Resp.") (Trans. ID. 60481246).

[3] Plaintiff Ashley Gestwicki's Answer to State of Delaware's Motion for Summary Judgment ("Gestwicki's Resp.") (Trans. ID. 60483463).

1.  On October 2, 2016, Plaintiff Ashley Gestwicki ("Gestwicki") filed suit against Defendant/Third-Party Plaintiff Pine Woods, Inc. ("Pine Woods"), alleging that she sustained injuries when she tripped and fell over a metal post protruding from the ground on property owned and maintained by Pine Woods.[4] Gestwicki alleges that Pine Woods was negligent in maintaining the metal post.[5]

2.  Pine Woods filed a Third-Party Complaint against Third-Party Defendant State of Delaware, Department of Transportation ("DelDOT"), alleging that DelDOT owned, maintained, and exercised control over the premises where the incident occurred.[6]

3.  Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[7] The moving party bears the burden of establishing the non-existence of material issues of fact.[8] Once the moving party meets its burden, the burden shifts to the non-moving party to establish the existence of material issues of fact.[9]

4.  DelDOT filed the instant Motion, arguing that Pine Woods' third-party claims against it are barred by the doctrine of sovereign immunity.[10] DelDOT

---

[4] Complaint ¶¶ 4–6 (Trans. ID. 59637718).
[5] *Id.* ¶¶ 10–11.
[6] Answer of Pine Woods, Inc. to Complaint with Affirmative Defenses and Third Party Complaint ¶ 28 (Trans. ID. 59895205).
[7] Super. Ct. Civ. R. 56(c).
[8] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[9] *Id.* at 681.
[10] DelDOT's Mot. Summ. J. ¶ 5.

submitted an affidavit from the Delaware Insurance Coverage Administrator, which attests that DelDOT has not, through the state insurance coverage program or any other commercial insurance, insured against the type of risk encompassed in the instant action, and therefore, has not waived sovereign immunity.[11]

5. Pine Woods does not contest DelDOT's sovereign immunity defense, but argues that summary judgment is not proper because there are still issues of material fact remaining.[12] The issue of fact identified by Pine Woods is the ownership of the property where Gestwicki was injured. While the ownership of the property is an issue of fact, it is not one that, if disputed, would preclude summary judgment as to DelDOT. Therefore, Pine Woods has offered no argument that would preclude summary judgment as to DelDOT.

6. Rather than offer a basis to defeat summary judgment, Pine Woods asks the Court to interpret DelDOT's Motion as providing "judicial notice" that DelDOT owned and controlled the property at issue.[13] In the alternative, Pine Woods requests that DelDOT withdraw its Motion and admit that the incident happened on state property, whereupon Pine Woods would withdraw its

---

[11] *Id.* ¶¶ 6–7. "Sovereign immunity is a bar to liability claims against the State unless it is waived by the State." *Caraballo v. Del. Dep't of Corr.*, 2001 WL 312453, at *1 (Del. Super. Mar. 22, 2001) (citing Del. Const. art. I, § 9). The State has waived the defense of sovereign immunity "as to any risk or loss that is covered by the state insurance coverage program." 18 *Del. C.* § 6511.

[12] Pine Woods' Resp. ¶ 3. Gestwicki takes no position as to DelDOT's Motion. Gestwicki's Resp. ¶ 5.

[13] Pine Woods' Resp. ¶ 4.

Third-Party Complaint against DelDOT.[14]

7. DelDOT has made no admission regarding the ownership of the property, and the Court sees no reason to take such "judicial notice." By asserting sovereign immunity—which Pine Woods has not challenged—DelDOT has a complete defense to the action and is entitled to summary judgment. As to Pine Woods' alternative request that DelDOT withdraw its Motion and take a position on the ownership of the property by answering the Third-Party Complaint, this request is not appropriate. Any such questions of fact are properly resolved through discovery, not through a response to a motion for summary judgment.

8. For the foregoing reasons, DelDOT's Motion for Summary Judgment is **GRANTED**. The instant action should go forward as between Gestwicki and Pine Woods.

**IT IS SO ORDERED.**

Jan R. Jurden, President Judge

---

[14] *Id.*